## Road in Greene and Guilford Townships.

*Road law—Termini—Exceptions—Location.*

Exceptions to a proceeding in a road view to the effect that the proceedings do not show the county, township and borough in which the termini of the road are located, cannot be sustained when these localities are expressly referred to both in the petition, and in the report of the viewers.

Viewers may carry a road to a point designated partly over the bed of a road already laid out and opened.

*Statutes—Repeal—Road law—Act of March* 13, 1869, *P. L.* 368, *and May* 2, 1899, *P. L.* 176.

The Act of May 2, 1899, P. L. 176, requiring notice of road proceedings to be given to supervisors does not repeal the special road law of March 13, 1869, P. L. 368, applicable to Franklin county.

*Road law—Necessity—Turnpike company.*

Where viewers have reported upon the necessity of a public road and there appears to have been no abuse of their discretion, a turnpike company has no standing to oppose the road merely because the opening of the road would diminish the company's tolls.

*Road law—Grade crossing—Railroad switch.*

The laying out of a necessary public road will not be defeated merely because it crosses a railroad siding on which a limited amount of business is done.

Argued Oct. 21, 1902.   Appeal, No. 190, Oct. T., 1902, by Cumberland Valley Railroad, from order of Q. S. Franklin Co., Road View No. 4 of 1901, dismissing exceptions to report of road viewers in case of Road in Greene and Guilford Townships.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Exceptions to report of viewers.

SWOPE, P. J., filed the following opinion :

The first five exceptions to report of viewers in this case refer to alleged defects in the termini of the road.

1. That the proceedings do not show that the termini are within the county of Franklin, and they are too indefinite.

2. The report does not show that the termini are within the township of Greene and the borough of Chambersburg, county of Franklin.

3. The petition does not show in what township or county the place of beginning of said road is located.

4 and 5. That as to the eastern terminus of said road there is a variance between the petition, order of view, road notice and report of the viewers.

An examination of the proceedings in this case, in the light of the maxim, " Id certum est quod certum reddi potest," which is properly applicable here, leaves all the above exceptions without pertinency or force.

The petition was by sundry inhabitants of the townships of Greene and Guilford to the court of quarter sessions of Franklin county, asking for the appointment of proper persons to view and lay out a public road to lead " from a bend in the public road running from Scotland to Chambersburg, at a point where the lands of Joseph E. Lehman, D. B. Long and Isaac White intersects near an old lime kiln, and at the eastern terminus of a private lane leading from the farm buildings of David Stouffer, in Greene township, thence through the said township of Guilford and into the borough of Chambersburg, in said county, to

a point in the eastern terminus of Prospect street as now opened and where Frey's lane crosses Prospect street, said Prospect street being in the borough of Chambersburg in said county."

This petition clearly shows that the termini of the proposed road are within the county of Franklin. The one in the township of Greene and the other in the borough of Chambersburg. After describing the place of beginning as in Greene township and thence through said township of Guilford and into the borough of Chambersburg, the words " in said county " refer to the county mentioned above, Franklin county, and are intended to and do locate all previous descriptions. The same is equally true in reference to the words " in said county " in describing the point of ending of road.

The order to view and the notice follow the petition in the description of termini, and the report of the viewers substantially conform to it.

The viewers in reporting the road for public use describe the same termini as mentioned in the petition and state : " The road as above described being located partly in Greene township, partly in Guilford township and partly in the borough of Chambersburg,"—and in the draft of the road, which accompanies and is part of their report, they say, " Plan of a proposed public road in Greene and Guilford townships and borough of Chambersburg, Franklin county, Pennsylvania."

From the testimony in this case it appears that although a private lane or roadway leads from the farm buildings of David Stouffer to a bend in the public road leading from Scotland to Chambersburg at point mentioned in the petition, yet strictly speaking, the eastern terminus of Mr. Stouffer's private lane ends at a public road 189½ feet west of the bend in the Scotland and Chambersburg road. But this at most is but an indifferent error, since the petition treats the roadway, as it appears upon the ground, and describes its eastern terminus as at the bend in the Scotland and Chambersburg road.

We fail to discover anything indefinite or uncertain about either terminus of this road, or any reasonable conflict between the petition, order, notice and report.

We believe the supervisors would be able to open this road between the points petitioned for and reported by the viewers

without a thought of embarrassment as to the certainty of location, and the above exceptions are therefore dismissed.

The sixth exception is without force. The testimony shows that the 189½ feet of the proposed road mentioned in the exceptions was never opened as a public road, and although it might be true that the public was entitled to the use of the same by prescription, yet the supervisors have never done any work on it. And viewers may carry a road to the point designated partly over the bed of a road already laid out and opened. West Chester and Germantown Road, 2 Rawle, 421; Road in Springdale Twp., 91 Pa. 260; Reserve Twp. Road, 80 Pa. 165.

Seventh exception. "The supervisors were not notified of the time and place of holding the view as required by the act of assembly."

There are three supervisors in Greene township and three in Guilford township. But two supervisors in Greene township and two in Guilford township were notified of the time and place of holding the view. They accepted notice of the time and place of meeting in writing.

The Act of May 2, 1899, P. L. 176, requires written notice to be given the supervisors of the territory through which a new public road is designed to be laid out, of the time and place of any views, reviews or rereviews, etc. We are of opinion that this notice must be given to all the supervisors of such territory, and that a failure to give such notice would be fatal to the proceedings.

But the act of May 2, 1899, does not apply to the county of Franklin.

The county of Franklin has a special road law passed by the legislature, March 13, 1869, P. L. 368, under which and in full conformity to which these proceedings were had.

This special act has never been repealed and therefore still remains as the governing law of Franklin county in reference to the matter of roads.

The act of May 2, 1899, is a general act without any repealing clause or reference to special laws and cannot be held to repeal the act of March 13, 1869.

A general statute without negative words will not repeal a previous one which is particular, though there be some incon-

sistency between them: Brown v. County Commissioners, 21 Pa. 37; Bounty Accounts, 11th Ward, Pittsburg, 70 Pa. 92; Kilgore v. Com., 94 Pa. 495; Seifried v. Com., 101 Pa. 200; Com. ex rel. v. Judges of Orphans' Ct., 102 Pa. 228; Malloy v. Com., 115 Pa. 25.

This exception, which we would consider fatal under the general road law, we think has no application to the case in hand.

The eighth exception claims that there is no public necessity for this road. That it is only about 1,500 feet from the turnpike leading into the borough of Chambersburg and is almost parallel to it. That the purpose of the petitioners is to avoid the payment of toll and the opening of the road would be an unnecessary expense upon the county.

It appears from the testimony that the distance from the proposed road to the turnpike is about 1,500 feet, and the distance from the beginning of it to the Diamond in Chambersburg is only 200 feet shorter than the route now used and traveled to the same place. But it is certainly not fair to suppose that this road is intended only to go to the Public Square, but for the easy, direct and convenient access to said town.

There is nothing in the case to justify the conclusion that this road is asked for simply to avoid the payment of toll. It is apparent that the opening of this road will diminish the receipts of toll on the turnpike. But while turnpikes have rights which all are bound to respect, yet they must not be allowed to prevent the laying out of other roads necessary for the public use.

The viewers have laid out and returned this road for public use. They have passed upon its necessity, and we discover no sufficient reason for disturbing their finding or interfering with any of their conclusions.

The proposed road crosses a private siding of the Cumberland Valley Railroad, known as the "Wolf siding," at grade, and, as claimed, at a point which would render it a very dangerous crossing. This is urged as the ninth and last exception.

In the earlier period of railroads the danger of their crossing at grade was overlooked or disregarded, but as remarked by Chief Justice PAXTON in Perry Co. R. R. Co.'s Appeal, 150 Pa. 193, "The time for grade crossings in this state has

passed.   They ought not to be permitted except in case of imperious necessity.   They admittedly involve great danger to life and property."

In  Bryner  v. Youghiogheny  Bridge  Co., 190  Pa. 617, Mr. Justice MITCHELL says :  " The same considerations of safety to life and property, though in a less imperious degree, require the application  of  the  same  general  policy  in  cases  of  highways crossing railroads as in railroads crossing each other at grade."

But the above and similar cases with their wise rulings apply to railroads proper, and not to a long and extended private siding of the same.

The  matter  of  railroads  crossing  highways  and  highways crossing railroads has very properly received legislative regulation  by  the  Act  of  June  7, 1901, P. L. 531, which  went into effect June 1, 1902.   But its 10th section provides :  " Nothing in this act shall prevent any railroad company from laying additional  tracks  at  crossings  previously  existing,  or  from  constructing switches and sidings and branch lines from their lines of railroad now or hereafter constructed, to any mill or other manufacturing establishment, etc."

The  track  crossed by  this  proposed  road  is a private siding, extending about one mile from the  main  track of the Cumberland Valley Railroad to Wolf's mill or manufacturing establishment, and it crosses the Harrisburg, Carlisle and Chambersburg Turnpike road at grade.

Shall this extended siding be allowed to prevent the opening of a road found to be necessary for the accommodation of the public, unless it crosses the siding above grade when the siding crosses the turnpike at grade ?

By reason of the limited amount of business done on this siding we can see no necessity or justice in this  claim and this exception is dismissed.

And now, July 28, 1902, all exceptions are dismissed and report of viewers is confirmed.

*Error  assigned* was  in  overruling  exceptions  to  report  of viewers.

*Irvin  C. Elder*, of  *Sharpe & Elder*, for  appellant.—It is not required  that the  petition describe the  termini with absolute

precision, yet it has always been held that reasonable certainty in naming the ends of the road in the petition is indispensable : Lower Merion Road, 58 Pa. 66.

The notice required by the act of 1899 is independent and additional to the notice required by the act of 1869.

The two acts can stand together without inconsistency or repugnance, and should be so construed : Kulp v. Luzerne County, 20 Pa. Superior Ct. 7 ; Weaver v. Schuylkill County, 17 Pa. Superior Ct. 327 ; Neeld's Road, 1 Pa. 353 ; Keeling's Road, 59 Pa. 358 ; Brown v. County Commissioners, 21 Pa. 37 ; Quinn v. Cumberland County, 162 Pa. 55 ; Com. v. Wunch, 167 Pa. 186.

The entire policy of the law in Pennsylvania, both legislative and judicial, is opposed to grade crossings : Act of February 19, 1849, P. L. 79 ; Act of June 19, 1871, P. L. 1360 ; Act of June 7, 1901, P. L. 531 ; Perry County R. R. Co.'s App., 150 Pa. 193 ; Bryner v. Youghiogheny Bridge Co., 190 Pa. 617 ; Scranton, etc., Traction Co. v. Del. & Hudson Canal Co., 180 Pa. 636 ; Pittsburg, etc., R. R. Co. v. South West Penna. Ry. Co., 77 Pa. 173.

*Samuel F. Huber*, with him *O. C. Bowers*, for appellees.

PER CURIAM, November 19, 1902 :

The questions raised by the assignments of error were all properly disposed of by the court below in the opinion dismissing the exceptions to the report of viewers. Nothing need be added here, as that opinion satisfactorily covers all the points involved.

Decree affirmed.